**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-2180-WJM-CBS

KEYBANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

NORTHWEST PROFESSIONAL COLOR, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT NORTHWEST PROFESSIONAL COLOR, INC.**

---

    Plaintiff KeyBank National Association ("Plaintiff") brings this action against Defendant Northwest Professional Color, Inc. ("Defendant") for breach of contract. (ECF No. 1.)  Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Northwest Professional Color, Inc. ("Motion").  (ECF No. 10.)  For the following reasons, the Motion is granted.

## I.  BACKGROUND

    On December 20, 2013, and March 26, 2014, Plaintiff entered into two Installment Payment Agreements with Defendant, under which it extended financing to Defendant in exchange for monthly payments.  (ECF No. 1 at 2–3.)  On or about August 27, 2014, Plaintiff entered into two Extension Agreements with Defendant.  (*Id*. at 5.)  The Extension Agreements modified the payment schedule and the terms of the original Installment Payment Agreements.  (*Id*.)  Except as expressly modified by the Extension Agreements, the original agreements remained "in full force and effect."

(ECF No. 1-1 at 2, 4.)  According to Plaintiff, Defendant defaulted on its obligations under these agreements.  (ECF No. 1 at 5.)

Plaintiff initiated this action by filing a Complaint on October 1, 2015.  (*See id.*)  Plaintiff brings a claim against Defendant for breach of contract.  (*Id.* at 7.)  Defendant did not answer or otherwise move in response to the Complaint.  On October 28, 2015, Plaintiff filed a Motion for Entry of Default against Defendant.  (ECF No. 5.)  The Clerk filed an Entry of Default as to Defendant on October 29, 2015.  (ECF No. 6.)  Plaintiff filed the Motion before the Court on December 10, 2015.  (ECF No. 10.)  Defendant filed no response.

The Court has reviewed the motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection."  *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

### III. ANALYSIS

**A.    Jurisdiction**

First, the Court has subject matter jurisdiction over this case. District courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Ohio and Defendant is a citizen of North Dakota. (ECF No. 1 at 1–2.) The amount in controversy is more than $75,000. (*Id*. at

2–3.) Thus, the Court is satisfied that it has subject matter jurisdiction over this lawsuit.

Second, the parties have consented to personal jurisdiction and venue in this Court. (*Id*. at 2.) The two "Extension Agreements"—signed by Defendant—state, "Litigation between the parties shall be commenced only in a state or Federal court located in Denver, Colorado." (*Id*.; ECF No. 1-1 at 2–5.) Plaintiff's allegations in the Complaint are sufficient to satisfy the Court that it may exercise personal jurisdiction over Defendant.

**B.     Breach of Contract**

Plaintiff claims that Defendant breached the Installment Payment Agreements and the Extension Agreements. (ECF No. 1 at 7.) Plaintiff asserts that the Installment Payment Agreements and the Extension Agreements are valid contracts. (*Id*.) Furthermore, Defendant signed two "Payment of Proceeds" documents which authorized Plaintiff to commence billing under the agreements. (ECF No. 1-3 at 2–3.)

Plaintiff alleges that it extended financing to Defendant, and therefore performed its obligations under the contract. (ECF No. 1 at 2–3.) However, Plaintiff alleges that Defendant defaulted on its monthly obligations under the contracts on or about February 28, 2015. (*Id*. at 5.) Pursuant to the Installment Payment Agreements, upon Defendant's default, Plaintiff acquired the right to accelerate all payments under those agreements. (ECF No. 1 at 4; ECF No. 1-2 at 3, 6.) Plaintiff sent Notices of Default and Notices of Deficiency to Defendant, to inform the Defendant that Plaintiff had accelerated all past due, current, and future obligations and that Defendant was required to pay the deficiency balance. (ECF No. 1 at 6; ECF No. 1-5; ECF No. 1-6.)

Plaintiff alleges that Defendant never paid this deficiency balance.  (ECF No. 1 at 6.)

The Extension Agreements state that all dealings between the parties shall be governed by and construed in accordance with the laws of the State of Colorado.  (ECF No. 1-1 at 2.)  Under Colorado law, a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Taking the facts pled in Plaintiff's Complaint as true, Plaintiff has shown that Defendant breached its contract with Plaintiff under Colorado law.  First, Plaintiff alleges that the Installment Payment Agreements and the Extension Agreements are valid contracts.  The agreements indicate that financing was to be exchanged for Defendant's payments, and each agreement was signed by Defendant—the party against whom enforcement is sought.  (ECF No. 1-1; ECF No. 1-2.)  Plaintiff also signed both Extension Agreements.  (ECF No. 1-1.)  This is satisfactory to demonstrate the existence of valid contracts for default judgment purposes.  Next, Plaintiff pleads that he performed under the contracts by providing financing, and that Defendant failed to perform its contractual obligations when it defaulted and failed to pay the deficiency balance.  Lastly, Plaintiff alleges that, as a result of Defendant's breach, it has suffered damages in the amount of $114,577.45.  (ECF No.1 at 6.)  Therefore, Plaintiff's allegations satisfy all four elements of a breach of contract claim.

The Court finds that Plaintiff has established that it is entitled to a default judgment against Defendant.  The Court will enter a default judgment against

Defendant and in favor of Plaintiff.

**C.    Damages**

Having determined that a default judgment should be entered, the Court must next determine the amount and character of Plaintiff's recovery.  *See* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2688 (3d ed., Apr. 2015 update); *see also Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) ("A final default judgment cannot be entered against a party until the amount of damages has been ascertained.").  Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611–12 (1949).  In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is "a liquidated sum or one capable of mathematical calculation."  *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

Here, Plaintiff has supplied an affidavit showing that it is entitled to recover $114,577.45.  (ECF No. 14 at 2.)  This amount was developed through mathematical calculations, based on the terms of the Installment Payment Agreements and the Extension Agreements.  (ECF No. 1; ECF No. 14.)  Under the First Extension Agreement, Defendant was required to pay Plaintiff $2,113.08 per month commencing November 30, 2014, and continuing on the 30th day of each month thereafter through and including January 30, 2017, plus one additional payment of $2,113.08, plus all late fees and other costs.  (ECF No. 1-1 at 2.)  Under the Second Extension Agreement, Defendant was required to pay Plaintiff $2,013.77 per month commencing November 30, 2014, and continuing on the 30th day of each month thereafter through and

including April 30, 2017, plus one additional payment of $2,013.77, plus all late fees and other costs.  (ECF No. 1-1 at 4.)  Additionally, the Installment Payment Agreements provided for a "late charge rate" to be applied if any payment was "not received within ten days after its due date."  (ECF No. 1-2 at 2, 5.)  The late charge rate would be "the greater of (a) 5% of each delayed sum or (b) $29."  (*Id.*)

The deficiency balances under the Extension Agreements were calculated as of August 13, 2015.  (ECF No. 14 at 2.)   The deficiency balance for the First Extension Agreement consisted of six missed payments of $2,113.08 each—which were due in February, March, April, May, June, and July 2015—plus late charges for those payments, plus 20 remaining payments of $2,113.08 each.  (*Id.*)  The deficiency balance for the Second Extension Agreement consisted of six missed payments of $2,013.77 each—which were due in February, March, April, May, June, and July 2015, plus late charges for those payments—plus 23 remaining payments of $2,013.77 each.  (*Id.*)  The total deficiency balance of $114,577.45 remains unpaid.  (*Id.*)  No hearing is required to establish these amounts.  In passing, Plaintiff also requests "interest" in addition to the judgment amount.  (ECF No. 1 at 7.)  However, Plaintiff provides no description of how that interest is to be calculated—no rate or method of accrual is specified—in either the Complaint or in its supplemental accounting.  (*See* ECF No. 1; ECF No. 14.)  Given that prejudgment interest is a matter in this Court's discretion, *Caldwell v. Life Insurance Company of North America*, 287 F.3d 1276, 1287 (10th Cir. 2002), the Court declines to award prejudgment interest in these circumstances.  Plaintiff, however, shall have postjudgment interest at the federal statutory rate.  Plaintiff requests reasonable attorneys' fees in its Complaint and may file a motion

7

seeking attorneys' fees in accordance with Federal Rule of Civil Procedure 54(d)(2) and D.C.COLO.LCivR 54.3. Accordingly, default judgment shall be entered for the calculable amount of damages described above.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment Against Defendant Northwest Professional Color, Inc. (ECF No. 10) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant Northwest Professional Color, Inc. in the amount of $114,577.45 with postjudgment interest at the statutory rate until paid; and

3. Plaintiff shall have its costs.

Dated this 13th day of April, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge